IN THE UNITED STATED DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| PHH MORTGAGE CORPORATION, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 5:19-cv-829 |
| KAREN REY COAD AND MARK LAWRENCE MONTGOMERY, | § § § § | |
| Defendants. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW, PHH Mortgage Corporation ("PHH" or "Plaintiff"), and files this *Original Complaint* against Karen Key Coad and Mark Lawrence Montgomery ("Defendants"), and shows:

### I.  PARTIES

1. PHH is the Plaintiff in this cause who is appearing through the undersigned counsel.

2. Dorothy R. Montgomery ("Decedent") is an obligor under the Loan Agreement described below.  She passed away on or about July 11, 2018.  Upon information and belief, no probate is open for Decedent in the county where the Property is located. Accordingly, there is no executor or administrator to be made a party in this proceeding as the personal representative of Decedent's estate.  Upon information and belief, Decedent died intestate.

3. Pursuant to Texas Estates Code §§ 101.001, 101.051, and 201.001, the heirs at law of Decedent ("Heir" or, collectively, "Heirs"), whether known or unknown, acquired all of Decedent's respective estates, including an undivided interest in the Property subject to this suit, immediately upon her death. Each Heir is made a party in this proceeding.

4. Defendant Karen Rey Coad is an heir and daughter of the Decedent and is an individual and citizen of the state of Texas. Ms. Coad may be served with process at 541 Roadrunner Avenue, New Braunfels, Texas 78130, or at such other place as she may be found. Summons is requested.

5. Defendant Mark Montgomery is an heir and son of the Decedent and is an individual and citizen of the state of Texas. Mr. Montgomery may be served with process at 5940 NW Loop 410, Apt. C3, San Antonio, Texas 78238, or at such other place as he may be found. Summons is requested.

## II. DIVERSITY JURISDICTION AND VENUE

6. This Court has jurisdiction over the controversy under 28 U.S.C. Section 1332 because there is complete diversity between Plaintiff and Defendants and the amount in controversy exceeds $75,000.00.

7. Plaintiff is a corporation. A corporation is a citizen of the state where it has been incorporated, and any state where the corporation has its principal place of business. 28 U.S.C. § 1332(c)(1). Plaintiff is incorporated in Maryland, and Plaintiff's principal place of business is in New Jersey. Therefore, Plaintiff is a citizen of Maryland and New Jersey for purposes of diversity jurisdiction.

8. Defendants Karen Rey Coad and Mark Montgomery are residents and citizens of the State of Texas.

9. This Court has jurisdiction over this dispute under 28 U.S.C. Section 1332 because there is complete diversity between Plaintiff and Defendants, and the amount in controversy exceeds $75,000.00. Due to Defendants' conduct, as alleged herein, Plaintiff has the right to foreclose upon real property which secures a debt pursuant to a security instrument. When seeking declaratory relief in order to foreclosure upon real property, the amount in

controversy is measured by the value of the object of the litigation, and the value of that right is measured by the losses that will follow. *Webb v. Investacorp, Inc.*, 89 F.3d 252, 256 (5th Cir.1996). Stated differently, the amount in controversy is "the value of the right to be protected or the extent of the injury to be prevented." *Hartford Ins. Grp. v. Lou-Con, Inc.*, 293 F.3d 908, 910 (5th Cir. 2002) (quoting *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983)); *see also Farkas v. GMAC Mortg., LLC*, 737 F.3d 338, 341 (5th Cir. 2013); *see also Lamarr v. Chase Home Finance, LLC*, 2008 WL 4057301 (N.D. Miss. 2008) (finding amount in controversy requirement was satisfied where plaintiff sought to set aside foreclosure sale and home appraised for $83,000.00, plus unspecified amount of monetary damages); *Bank of America National Trust and Sav. Assoc. v. Reeves*, 1995 WL 96617, *1 (E.D. La. 1995) (court held that the amount in controversy was met in action seeking to enjoin foreclosure on property because the suit "puts at issue the entire value of the property on which they attempt to enjoin defendants from foreclosing."). The Bexar County Appraisal District values the Property at $165,380.00, in excess of the jurisdictional minimum. Accordingly, the amount in controversy is in excess of $75,000.00.

10. Additionally, attorney's fees are included in the amount in controversy. *See Graham v. Henegar*, 640 F.2d 732, 736 (5th Cir. 1981). Plaintiff estimates that attorney's fees will be in excess of $15,000.00 through trial. Accordingly, the amount in controversy is well in excess of $75,000.00.

11. Venue is proper in the Western District of Texas, San Antonio Division, under 28 U.S.C. § 1391(a)(2) because this suit concerns title to real property located in Bexar County, Texas.

## III. FACTS

12. On or about December 10, 2004 for value received, Decedent executed that certain Note ("Note") in the original principal sum of $66,800.00, payable to USAA Federal Savings Bank ("USAA"), bearing interest at the rate of 4.875% per annum.

13. Concurrently with the Note, Decedent executed that certain Deed of Trust ("Security Instrument", and together with the Note, "Loan Agreement") as grantor, granting a security interest to USAA in certain real property and improvements located in Bexar County, Texas, commonly known as 1218 Old Forrest Street, San Antonio, TX 78245, and being further described as follows:

> PROPERTY (INCLUDING ANY IMPROVEMENTS) IN BEXAR COUNTY, TEXAS: LOT 16, BLOCK 13, NEW CITY BLOCK 15910, LACKLAND CITY SUBDIVISION, UNIT 147, IN THE CITY OF SAN ANTONIO, BEXAR COUNTY, TEXAS ACCORDING TO PLAT THEREOF RECORDED IN VOLUME 8000, PAGE 70, DEED AND PLAT RECORDS OF BEXAR COUNTY, TEXAS. BEING THE SAME PROPERTY CONVEYED TO LAWRENCE O. MONTGOMERY AND DOROTHY R. MONTGOMERY BY DEED FROM GEORGE LEE DREYER AND WIFE, DARLENE J. DREYER RECORDED 03/10/2000 IN DEED BOOK 8338 PAGE 141, IN THE REGISTER`S OFFICE OF BEXAR COUNTY TEXAS.

(The Property"). True and correct copies of the Note and Security Instrument are attached hereto as **Exhibits A & B**.

14. On or about May 8, 2014, a Corporate Assignment of Deed of Trust ("Assignment") was executed by Mortgage Electronic Registration Systems, Inc. as Nominee for USAA Federal Savings Bank, assigning and transferring interest in the Loan Agreement to Plaintiff. The Assignment was recorded in the real property records of Bexar County, Texas as Document Number 20140086251 on May 27, 2014. A true and correct copy of the Assignment is attached hereto as **Exhibit C**.

15. Plaintiff is the current legal owner and holder of the Note endorsed in blank and the mortgagee as that term is defined in section 51.0001(4) of the Texas Property Code.

16. Under the terms of the Note and Security Instrument, payment is required, when due, of the principal and interest on the debt evidenced by the Note, as well as any applicable charges and fees due under the Note.

17. The Note and Security Instrument further provide that should the borrower fail to make payments on the Note as they became due and payable, or fail to comply with any or all of the covenants and conditions of the Security Instrument, that the lender may enforce the Security Instrument by selling the Property according to law and in accordance with the provisions set out in the agreement.

18. On or about July 11, 2018, Decedent passed away. No probate was ever opened for her. In accordance with Texas Estates Code §§ 101.001(b) and 101.051, her heirs acquired all of her interest in the Property immediately upon her death—subject to the Loan Agreement debt owed to Plaintiff.

19. Decedent failed to make payments on the Note and failed to comply with any and all of the covenants and conditions of the Security Instrument. Though some, if not all, of the Defendant Heirs have had the use, benefit, and enjoyment of the Property, they have failed or refused to pay the debt evidenced by the Loan Agreement. The Loan Agreement is due for the November 1, 2018 monthly payment and all subsequent payments.

20. On December 19, 2018, notice of default and intent to accelerate was mailed to Decedent by certified mail to her last known mailing address at the time. A true and correct copy of the notice of default is attached hereto as **Exhibit D**. The default was not cured and, on March 19, 2019, Plaintiff's counsel mailed a notice of acceleration through counsel by certified mail to

Decedent's last known mailing address at the time. A true and correct copy of the notice of acceleration is attached hereto as **Exhibit E**.

21. Plaintiff brings this suit for foreclosure and for declaratory relief so that it may enforce its security interest in the Property.

### IV. CAUSE OF ACTION – DECLARATORY JUDGMENT

22. The foregoing paragraphs are incorporated by reference for all purposes.

23. Plaintiff requests a declaration from this Court that it is the owner and holder of the Note and beneficiary of the Security Instrument. Plaintiff requests a further declaration from this Court that, as owner and holder of the Note and beneficiary of the Security Instrument, Plaintiff is a mortgagee as that term is defined under Texas Property Code section 51.0001(4), and is authorized to enforce the power of sale in the Security Instrument through foreclosure of the Property.

24. Plaintiff has been forced to hire the undersigned attorneys to seek a declaratory judgment as a result of the Decedent and Defendants' failure to comply with the Loan Agreement. Plaintiff is therefore entitled to and seeks judgment against Defendants for its reasonable attorney's fees in this action, both through trial and in the event of a subsequent appeal, as provided by the Security Instrument signed by Decedent, and by statute. TEX. CIV. PRAC. & REM. CODE § 37.009.

### V. CAUSE OF ACTION – STATUTORY PROBATE LIEN

25. The foregoing paragraphs are incorporated by reference for all purposes.

26. Plaintiff seeks a declaration from this Court that Plaintiff has a statutory probate lien against the Property under the terms of the Loan Agreement and the following statutory authority:

a. TEX. ESTATES CODE §§ 101.001(b) and 101.051(b)(1), which state in pertinent part:

   *"the estate of a person who dies intestate vests immediately in the person's heirs at law, subject to the payment of, and is still liable for: the debts of the decedent, except as exempted by law"*

b. TEXAS TITLE EXAMINATION STANDARDS § 11.10, which states in pertinent part:

   *"A decedent's Property passes to his or her heirs at law or devisees immediately upon death, subject in each instance, except for exempt Property, to payment of debts, including estate and inheritance taxes;"* and

c. TEXAS TITLE EXAMINATION STANDARDS § 11.60, which states in pertinent part:

   *"A decedent's Property passes to his or her heirs at law or devisees immediately upon death, subject in each instance, except for exempt Property, to payment of debts, including estate and inheritance taxes . . . Property of a decedent passes subject to unpaid debts and taxes of the estate."*

27. Through Plaintiff's statutory probate lien, reserved in Texas Estates Code §§ 101.001 and 101.151, Plaintiff has an enforceable and superior lien against the Heirs' interest in the Property. Because of a material breach of the Loan Agreement, Plaintiff seeks to enforce its statutory probate lien in the Property through foreclosure.

## V. NON-JUDICIAL FORECLOSURE

28. The foregoing paragraphs are incorporated by reference for all purposes.

29. Because of a material breach of the Loan Agreement, Plaintiff seeks an order from this Court to enforce its statutory probate lien through non-judicial foreclosure pursuant to the terms of the Loan Agreement and Texas Property Code § 51.002, with respect to all Defendants who acquired the Property subject to Decedent's debts.

## VI.   PUBLIC AUCTION

30. The foregoing paragraphs are incorporated by reference for all purposes.

31. Because of the material breach of the Loan Agreement, a public auction of the Property in conjunction with all other regularly scheduled non-judicial foreclosure sales on the first Tuesday of the month would provide the most practical, efficient, and effective means to enforce Plaintiff's security interest in the Property. Because the rights, responsibilities and duties of Plaintiff and the trustee are well known under Texas Property Code § 51.002 and Texas case law, a public auction conducted in the same manner as a non-judicial foreclosure sale would meet all constitutional standards of due process. Because no personal liability is sought against the Defendants, a public auction of the Property would be the most expedient means to put the Property back into the stream of commerce and the housing stock of the community. Otherwise, the Property will continue to be a wasting asset that is subject to vandalism and deterioration.

## VII.   JUDICIAL FORECLOSURE

32. The foregoing paragraphs are incorporated by reference for all purposes.

33. In the alternative, for failure to cure the default of the Loan Agreement, Plaintiff seeks to enforce its security interest against the Property in an amount equal to the payoff at the time of judgment.

34. As the current legal owner and holder of the Note and the mortgagee of record who has the right to enforce the Note and Security Instrument, Plaintiff seeks a judgment for judicial foreclosure together with an order of sale issued to the sheriff or constable of Bexar County—the county where the Property is located—directing the sheriff or constable to seize and sell the Property in satisfaction of the Loan Agreement debt.

## VIII.   TRESPASS TO TRY TITLE

35. The foregoing paragraphs are incorporated by reference for all purposes.

36. Concurrent with Plaintiff acquiring all of Defendants' right, title, and interest in the Property—by enforcement of Plaintiff's statutory probate lien by non-judicial foreclosure under Deed of Trust's power-of-sale provision and the Texas Property Code or, alternatively, by judicial foreclosure. Plaintiff seeks a declaration and judgment that the Defendants are divested of all of their rights, title and interest in the Property and that all of Defendants' rights, title, and interest in the Property are vested in Plaintiff. Title as to both Plaintiff and Defendants is derived from a common source.

## IX. WRIT OF POSSESSION

37. The foregoing paragraphs are incorporated by reference for all purposes.

38. If any person occupies or claims possession of the Property (an "Occupant") after transfer of all right, title, and interest in the Property in favor of Plaintiff, then Plaintiff requests a writ of possession against any Occupant.

## X.   ATTORNEY FEES

39. Because of the material breach of the Loan Agreement, Plaintiff is entitled to recover reasonable and necessary attorneys' fees under the loan documents, and Texas Civil Practice and Remedies Code §§ 37.009 and 38.001. Attorneys' fees are not sought as a personal judgment against the Defendants, but only as an additional debt secured by the Security Instrument.

**WHEREFORE, PREMISES CONSIDERED**, PHH Mortgage Corporation requests that the Defendants be cited to appear and answer, and that, upon final hearing, the Court enter a judgment declaring that (1) there is a default on the Loan Agreement and that (2) Plaintiff is the owner and holder of the Note, beneficiary of the Security Instrument and mortgagee, as defined under Texas Property Code section 51.0001(4); and (3) authorizing Plaintiff to enforce its statutory probate lien and the power of sale in the Security Instrument through foreclosure of the Property pursuant to Texas Property Code section 51.002, the Note and Security Instrument, or alternatively, judicial foreclosure, and awarding attorney's fees, costs and such other and further relief to which it may be justly entitled at law or in equity.

Respectfully submitted,

By: */s/ Mark D. Cronenwett*
**MARK D. CRONENWETT**
Attorney in Charge
Texas Bar No. 00787303
mcronenwett@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, PC**
14160 North Dallas Parkway, Ste. 900
Dallas, TX 75254 Telephone: (214) 635-2650
Facsimile: (214) 635-2686

**ATTORNEYS FOR PLAINTIFF**